UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NADINE WEINGARTEN,

                Plaintiff,

    -against-

LVNV FUNDING, LLC

                Defendant(s).
------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

Plaintiff NADINE WEINGARTEN ("Plaintiff") by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant LVNV FUNDING, LLC. hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and New York General Business Law §349 prohibiting unfair and deceptive practices.

## PARTIES

2.    Plaintiff is a resident of the State of New York, with a residence at 501 Seven Fields Lane, Brewster, New York 10509.

3.    LVNV, LLC is a corporation organized in Delaware, with their main office at 15 South main ST., Ste 600, Greenville, SC 29601.

4.    Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

9. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff in 2006.

10. The Plaintiff had informed the defendant and provided supporting documents (police report) that the debt arose from a stolen credit.

11. The Defendant in spite of having known that the debt originated from a stolen credit card, and having received the supporting documents continued to attempt to collect the alleged debt and place a negative report on the Plaintiff's credit report.

12. The Plaintiff since 2006 has continued to report the debt as open and not as disputed in spite of being informed that it was disputed.

13. The Plaintiff in an attorney's letter dated September 19, 2008 from Attorney Howard Shiff, disputed the debt and asked for validation of the debt.

14. The Plaintiff never received validation of the debt from the Defendant.

15. The Defendant in the August/September conversation again attempted to collect the debt or again have the Plaintiff send proof that she paid the debt.

16. The Defendant placed a negative report on Plaintiff's TransUnion report in May 2006 and never updated it to reflect that the debt was disputed and thereby violated 15 USC §1692f – preface by using an unfair and unconscionable means to collect a debt, and further violated 15 USC §1692e(2)(A) by falsely representing the character of the debt as undisputed, and further violated 15 USC §1692e(8) by failing to communicate that a disputed debt is disputed.

17. Defendants placed the Alleged Debt as an unpaid bill on the Plaintiff's credit report and failed to mark the item as disputed, hereby violating the FCRA which, amongst other things, prohibits the reporting of a debt that is disputed, communicating information which is known to be disputed, and by failing to provide notice of dispute to the credit reporting agencies. The Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FCRA, including but not limited to 15 USC §1681s-2a.

18. The Defendant's in an August 2010 conversation with the Plaintiff admitted having the account up to March 2010 and that they were aware that the debt was disputed as identity theft.

19. The Defendant further violated 15 USC §1692d – by harassing and abusing the Plaintiff from 2005 – 2010 by both trying to collect a debt that was already paid – of which they had knowledge of – and also failing to mark the debt as disputed which caused actual damages to the Plaintiff's credit rating, and further failing to mark the debt as paid in full – which was a violation of 15 USC §1692e –preface and e(10) by using a deceptive,

false, and misleading representation in connection with the collection of the alleged debt, and thereby also causing the Plaintiff to suffer actual damages.

20. As a result of Defendant's abusive, deceptive and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e(11), 15 USC §1692e(2)(A), 15 USC §1692e – preface and e(10), 15 USC §1692e(8), 15 USC §1692f – preface and FCRA 15 USC §1681s-2a.

23. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
*(New York State Claims)*

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of New York General Business Law §349 which prohibits deceptive and misleading business practices.

26.  As a result of Defendant's violations of New York General Business Law City, Plaintiff has been damaged and is entitled to damages in accordance with New York General Business Law §349 (h).

## DEMAND FOR TRIAL BY JURY

27.  Plaintiff NADINE WEINGARTEN hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff NADINE WEINGARTEN demands judgment from the LVNV FUNDING, LLC, as follows:

A.  For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.  For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.  For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3); and New York General Business Law §349 (h).

E.  A declaration that the Defendant's practices violated the FDCPA;

G.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated:  New York, New York
        Sept. 27th, 2010

Respectfully submitted,

By: _____
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:    (212) 796-0930
Facsimile: (212) 330 -7582

*Attorney for the Plaintiff Nadine Weingarten*

To:   LVNV Funding, LLC
      15 South Main St. Ste 600
      Greenville, SC 29601

*(Via Prescribed Service)*

Clerk,
United States District Court, Southern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO.:

NADINE WEINGARTEN,

                Plaintiff(s),

-against-

LVNV FUNDING, LLC.,

                Defendant(s).

---

## COMPLAINT

---

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582

---